IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00582-CMA-MJW

JULIA ZAFFARANO,

Plaintiff,

v.

DEPOSITORS INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S OPPOSED MOTION IN LIMINE REGARDING COLLATERAL SOURCE
HEALTH INSURANCE BENEFITS (DOCKET NO. 18)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Opposed Motion In Limine Regarding Collateral Source Health Insurance Benefits (docket no. 18). The court has reviewed the subject motion (docket no. 18), the response (docket no. 23), and the reply (docket no. 24). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, Colorado Statutes as cited below, and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

This is an uninsured motorist coverage case which was removed based upon diversity of citizenship and 28 U.S.C. § 1441(b).

In the subject motion (docket no. 18), Plaintiff seeks an Order from the court preventing Defendant from presenting any evidence or argument at trial concerning

2

health insurance and/or any payment of Plaintiff's medical expenses by health insurance or any benefits, negotiated discounts, and write-offs received by or on behalf of Plaintiff's health insurance. In support of this motion, Plaintiff argues that under the collateral source rule, Volunteers of Am. v. Gardenswartz, 242 P.3d 1080 (Colo. 2010); Crossgrove v. Wal-Mart Stores, Inc., 2010 WL 2521744 (Colo. App. 2010); § 10-1-135(10), C.R.S.; and § 12-21-111.6, C.R.S., that such evidence is inadmissible at trial.

Defendant argues that the subject motion (docket no. 18) should be denied for three reasons. First, the subject motion (docket no. 18) should be denied because it is premature since it was filed before the conclusion of discovery, and Defendant has not yet had a chance to conduct discovery or evaluate all of the Plaintiff's medical bills and review the circumstances for the amounts charged. Second, the motion should be denied because the issue presented in the subject motion (docket no. 18) is not one in which the collateral source rule applies to the exclusion of evidentiary rules. Third, the motion should be denied because the Crossgrove case cited above, as well as the cases of Smith v. Jeppsen, District Court, Arapahoe County, State of Colorado, 08-cv-671, and Sunahara v. State Farm Mut. Auto, Ins. Co., (Case No. 2010SC409), are all pending before the Colorado Supreme Court on the collateral source rule concerning the issue of the amounts billed versus amounts paid.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in Gardenswartz, the Colorado Supreme Court held:

   a. Under the common law collateral source rule, making the injured party whole is solely the tortfeasor's responsibility. Gardenswartz, 242 P.3d at 1082.

   b. Any third-party benefits or gifts obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability. Id. at 1083;

   c. We recognize that there may be a disparity between the cost of medical services that are billed to a consumer and the amounts that are actually paid by insurance companies. It can be tempting to treat the discounted amounts as being a truer reflection of a plaintiff's damages. However, the write offs reflect the negotiating power of [an insured's] insurer and its successful leverage in requiring providers to accept discounted reimbursement. Id. at 1087;

   d. To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, such evidence is inadmissible at trial. . . . It is also inadmissible in adjusting or reducing a plaintiff's damage award. . . . Thus, the collateral source rule

4

prohibits a jury or trial court from ever considering payments or compensation that an injured plaintiff receives from his or her third-party insurance. Id. at 1083-84;

e. Section 13-21-111.6, C.R.S., did not sweep away the common law collateral source rule entirely. It only requires post-verdict offset of certain compensation received by the plaintiff. No offset is permitted if the benefits arise out of a contract entered into on the plaintiff's behalf. Specifically, under Section 13-21-111.6, C.R.S., a torfeasor is not entitled to offset proceeds resulting from a plaintiff's purchase of insurance. Id. at 1084;

5. That § 13-21-111.6, C.R.S., does not modify the admissibility of evidence of collateral source payments at trial. The key language in § 13-21-111.6 that is critical to the determination of the subject motion (docket no. 18) is referred to as the "contract exception" and provides that: ". . . except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person."

6. That in Crossgrove, the Colorado Court of Appeals held:

evidence of the amount paid by third party payors, and conversely, the amount discounted (or written off) from the

5

> billed amount due under a contract between the third-party payor and the provider, is inadmissible under the common law collateral source rule even to show the reasonable value of services rendered, because these payments and discounts constitute collateral sources.

Crossgrove v. Wal-Mart Stores, Inc., 2010 WL 2521744, at *3;

7. That § 10-1-135, C.R.S., statutorily bars evidence of collateral source payments and benefits (including payments, adjustments, or write offs). It should be noted that § 10-1-135, C.R.S., became effective on August 11, 2010, and by its own terms, applies to a "recovery made on or after the applicable effective date of this act." See Smith v. Jeppsen, District Court, Arapahoe County, State of Colorado, 08-cv-671;

8. That the Federal Rules of Evidence do not prohibit a party from filing a Motion in Limine at any time subject to orders by the trial court setting deadlines to file motions in limine; and,

9. That the mere fact that the Crossgrove and Jeppsen cases, as cited above, and Sunahara v. State Farm Mut. Auto, Ins. Co. (Case No. 2010SC409), are all pending before the Colorado Supreme Court concerning the collateral source rule as to amounts billed versus amounts paid does not divest this court of jurisdiction to enter a ruling on the subject motion (docket no. 18). The rulings by the Colorado Supreme Court on the above three cases may result

in a motion for reconsideration to be filed in the future regarding the subject motion (docket no. 18).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion Opposed Motion In Limine Regarding Collateral Source Health Insurance Benefits (docket no. 18) is **GRANTED**. Defendant shall not be permitted to present any evidence or argument at trial concerning health insurance and/or any payment of Plaintiff's medical expenses by health insurance or any benefits, negotiated discounts, and write-offs received by or on behalf of Plaintiff's health insurance; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 5th day of October 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE